IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY L. DAVIS,

                              Plaintiff,
                                                  CIVIL ACTION
             vs.                                  No. 05-3172-SAC

PAUL CLARK, et al.,

                              Defendants.


                              ORDER

     Plaintiff proceeds pro se and in forma pauperis on a complaint
filed under 42 U.S.C. § 1983.  In this action, plaintiff initially
sought injunctive relief for the alleged denial of due process in
his criminal conviction and/or in his recent state post-conviction
proceeding, and damages for lost wages[1] resulting from his allegedly
unlawful confinement.

     By an order dated June 21, 2005, the court granted plaintiff
leave to supplement the complaint.  In the supplemented material,
plaintiff essentially amended the complaint to allege the denial of
due process in the calculation of his parole eligibility date.
Plaintiff claimed state officials unlawfully set plaintiff's initial
parole hearing in 2005, rather than the October 2003 date plaintiff
claims under Kansas law.  The court dismissed the supplemented
complaint, finding: (1) habeas corpus was the exclusive remedy for
plaintiff's allegations of error in the state court's handling and

_____

     [1]Plaintiff specifically cites the loss of estimated winnings in
boxing matches he missed due to his incarceration.

disposition of plaintiff's state post-conviction proceeding concerning plaintiff's 1988 conviction; (2) to the extent any viable due process claim for consideration under § 1983 might be presented regarding plaintiff's 2003 parole eligibility date, plaintiff was required to first exhaust available administrative remedies; and (3) plaintiff's claim for damages against the state judge(s) and prosecutor were barred by recognized immunities.

In response, plaintiff filed a variety of pleadings: a motion for reconsideration (Doc. 9); a motion for leave to file supplemental memorandum of law (Doc. 10); a motion and memorandum for a temporary restraining order or preliminary injunction (Doc. 11); a motion for leave to file an affidavit, and a related proposed show cause order for service to defendants (Doc. 13); a motion for leave to amend the complaint (Doc. 14); and a motion for service of plaintiff's proposed show cause order (Doc. 15). Having reviewed the record, the court enters the following findings and order.

Plaintiff's motion for reconsideration, filed on June 30, 2005, is considered as a timely filed motion under Fed.R.Civ.P. 59(e). *See* Van Skiver v. U.S., 952 F.2d 1241 (10th Cir. 1991)(distinguishing motion to alter and amend judgment, Fed.R.Civ.P. 59(e), from motion for relief from judgment, Fed.R.Civ.P. 60(b)), *cert. denied* 506 U.S. 828 (1992).

A motion to alter or amend provides the court an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, or consider a change in the law. Torre v. Federated Mut. Ins. Co., 862 F.Supp. 299, 300 (D.Kan. 1994). Here, plaintiff

misunderstands Rule 59(e) as authorizing *plaintiff* to amend the *complaint* for any of these reasons, rather than as allowing the *court* to alter or amend the *judgment* entered in this matter.[2]

In his pleading, plaintiff reiterates many of his previous arguments, but now documents his full exhaustion of administrative remedies on his amended claim that his parole eligibility date was not properly calculated under Kansas law.   Thus to the extent plaintiff's "procedural" challenge to the calculation of his parole eligibility date can be considered under 42 U.S.C. § 1983, dismissal of this claim pursuant to 42 U.S.C. § 1997e(a) is not appropriate. The court finds dismissal of this claim is still warranted, however, because no cognizable constitutional claim is presented upon which relief can be granted under § 1983.

Plaintiff contends he was entitled to an earlier initial parole hearing than that calculated by state staff, and argues that application of a state statute, K.S.A. 21-4608(g) to his three indeterminate consecutive sentences required a parole hearing in October 2003.

Even if there were any merit to this contention,[3] no relief

---

[2]Plaintiff's motion to file a supplemental memorandum (Doc. 10) and motion to amend (Doc. 14) are denied.   To "correct manifest injustice," plaintiff seeks to amend the complaint to remove certain defendants already dismissed by the court, and to seek punitive damages.   The court finds no purpose would be served by allowing these post-judgment amendments.

[3]K.S.A. 21-4608(g) reads:
"When a definite and an indefinite term run consecutively, the period of the definite term is added to both the minimum and maximum of the indeterminate term and both sentences are satisfied by serving the indeterminate term. The provisions of this subsection shall not apply to

under § 1983 would be available because release on parole is a privilege and not a right secured by the United States Constitution. <u>Lustgarden v. Gunter</u>, 966 F.2d 552, 555 (10th Cir. 1992). *See* <u>Board of Pardons v. Allen</u>, 482 U.S. 369, 373 (1987)(prisoners have no federal constitutional right to parole or a parole hearing); <u>Greenholtz v. Inmates of Nebraska Penal & Corr. Complex</u>, 442 U.S. 1, 7 (1979)("no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"); <u>Gilmore v. Kansas Parole Board</u>, 243 Kan. 173, 180 (Kansas law creates no liberty interest in parole), *cert. denied* 488 U.S. 930 (1988). *See also* <u>Jones v. City & County of Denver, Colo.</u>, 854 F.2d 1206, 1209 (10th Cir. 1988)(§ 1983 provides relief for violations of federal law by individuals acting under color of state law, but provides no basis for relief for alleged violations of state law).

Additionally, constitutional procedural due process requirements "apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." <u>Board of Regents v. Roth</u>, 408 U.S. 564, 569 (1972). Such protected interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own

---

crimes committed on or after July 1, 1993
Plaintiff was convicted on 1988 charges of first degree felony murder, aggravated arson, and aggravated robbery, for which consecutive sentences of life, 5-20 years, and 10-20 years were imposed respectively.  Plaintiff fails to explain why he believes this statute applies to these consecutive sentences.

force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 483 (1995)(citations omitted).  The deprivation alleged by plaintiff is insufficient to establish a liberty interest protected by the Due Process Clause.

And finally, plaintiff's request for injunctive relief is rendered moot by the 2005 parole hearing afforded plaintiff as scheduled.  Plaintiff's motion for a temporary restraining order or preliminary injunction (Doc. 11) to stay the scheduled parole hearing, and motion for service of plaintiff's related show cause order (Doc. 15) are denied.

For these reasons, the court grants plaintiff's motion to alter and amend the judgment entered in this matter to designate that dismissal of plaintiff's allegations concerning the denial of an initial parole hearing in 2003 are dismissed as stating no claim for relief, 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent plaintiff filed pleadings for the purpose of obtaining a temporary restraining order to prevent state officials from conducting his initial parole hearing in 2005 as scheduled (Docs. 11, 13, and 15), the court denies these motions.  Plaintiff documents that he appeared before the parole board in 2005, and that the board passed him for further review in three years.

IT IS THEREFORE ORDERED that plaintiff's motion (Doc. 9) to alter and amend the order and judgment entered on June 21, 2005, is granted to designate that dismissal of plaintiff's habeas claims is without prejudice, and to designate that plaintiff's due process

claim regarding the denial of an initial parole hearing in 2003 is dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that all remaining pending motions (Docs. 10, 11, 13, 14, and 15) are denied.

**IT IS SO ORDERED.**

DATED:   This 22nd day of March 2006 at Topeka, Kansas.


_s/ Sam A. Crow_____
SAM A. CROW
U.S. Senior District Judge